KATHARINE KRAUSE
ROBERT M. MYERS
Newman.Aaronson.Vanaman
14001 Ventura Boulevard
Sherman Oaks, California 91423
(818) 990-7722

MARK ROSENBAUM
ACLU Foundation of Southern California
1616 Beverly Boulevard
Los Angeles, California 90026
(213) 977-9500

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDA SMITH, through her guardian ad litem ELIZA THOMPSON, individually and on behalf of all other persons similarly situated; ELIZA THOMPSON, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, a California public entity; SID THOMPSON, in his official capacity as Superintendent of the Los Angeles Unified School District,<br><br>Defendants. | CASE NO. **93 7044 LEW (GHK)**<br><br>CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

INTRODUCTION

1.   This action is commenced to require the Los Angeles Unified School District (hereinafter "LAUSD") to meet its obligations to search out and serve disabled children as required

1

```
11/22/93                    9:22:28 AM
LA   1-2 AFT        Receipt # 110226
=====NO REFUND WITHOUT RECEIPT=====
CASE # 93-7044

086900    FILING FEE  CIVIL
                          60.00
510000    SPECIAL FUND F/F
                          60.00
==== T O T A L ======
                      120.00
   CHECK TENDERED $      $120.00
=====NO REFUND WITHOUT RECEIPT=====
```

by the Individuals with Disabilities Education Act, 20 U.S.C. §
1400 et seq. (hereinafter "IDEA"), Section 504 of the
Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794
(hereinafter "Section 504"), and the Fourteenth Amendment to the
United States Constitution.   By failing to timely identify
disabled children, particularly those with learning disabilities,
thousands of children are being deprived of special education and
related services necessary for them to successfully participate in
and complete elementary and secondary schools within the LAUSD.

### JURISDICTION AND VENUE

2.   This action arises under the Constitution and laws of the
United States.   Jurisdiction is conferred on this Court pursuant
to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.   Venue is proper in this court under 28 U.S.C. § 1391(b).
The defendant resides within the Central District of California
and all of the events which are the subject of this complaint took
place within the Central District of California.

4.   There is a present and actual controversy between the
parties to this action.   A declaration of the correct
interpretation of the legal requirements described in this
complaint is necessary and appropriate to determine the respective
rights and duties of the parties to this action.

5.   Plaintiffs have no adequate remedy at law.   Defendants
have a clear, mandatory, and ministerial legal duty to administer
its public school system in a manner consistent with applicable
laws.   Plaintiffs and the class they represent will suffer from
irreparable harm due to the failure of defendants to comply with

1   applicable laws.

2       6.   Plaintiffs are not required to exhaust the administrative

3   process set forth in IDEA because this action challenges policies

4   and practices of general applicability that are contrary to IDEA

5   and because adequate relief cannot be obtained by pursuing

6   administrative remedies.  No administrative procedures exist under

7   Section 504 that plaintiffs must exhaust.

8

9                              PARTIES

10      7.   Plaintiff Chanda Smith is a citizen of the United States

11  and resides in the County of Los Angeles within the boundaries of

12  the LAUSD.  Plaintiff Chanda Smith is a child with disabilities

13  within the meaning of IDEA and Section 504.  She brings this

14  action through her mother Eliza Thompson as guardian ad litem.

15      8.   Plaintiff Eliza Thompson is a citizen of the United

16  States and resides in the County of Los Angeles within the

17  boundaries of the LAUSD.  Plaintiff has two children of public

18  school age who are disabled within the meaning of IDEA and Section

19  504.

20      9.   Defendant Los Angeles Unified School District is a public

21  entity organized and existing under the laws of the State of

22  California.  Pursuant to the Constitution and laws of the State of

23  California, defendant LAUSD has a duty to provide a free public

24  school education to all children residing within its

25  jurisdictional boundaries.  Relief is sought against defendant

26  LAUSD only on the First, Second, and Third Claims for Relief.

27      10.  Defendant Sid Thompson is the duly acting and appointed

28  Superintendent of defendant LAUSD.  In his official capacity as

                                   3

1    Superintendent, defendant Sid Thompson is the chief administrative
2    officer of defendant LAUSD and he is responsible for ensuring that
3    defendant LAUSD duly and properly executes its legal obligations.
4    Relief is sought against defendant Sid Thompson only on the Fourth
5    and Fifth Claims for Relief.

7                    CLASS ACTION ALLEGATIONS

8         11.   This action is maintainable as a class action pursuant
9    to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

10        12.   Plaintiffs represent a class of persons residing within
11   the jurisdictional boundaries of the LAUSD.  The class consists of
12   the following individuals:

13             a.  Disabled children enrolled in a LAUSD elementary or
14   secondary school for whom no inquiry was made at the time of
15   enrollment about their prior receipt of special education and
16   related services.

17             b.  Disabled children enrolled in a LAUSD elementary or
18   secondary school for whom school records were not examined at the
19   time of enrollment to determine their need for special education
20   and related services.

21             c.  Disabled children enrolled in a LAUSD elementary or
22   secondary school for whom no inquiry was made at the time of
23   enrollment about their current need for special education and
24   related services.

25             d.  Disabled children enrolled in a LAUSD elementary or
26   secondary school for whom school records were not examined on a
27   periodic basis after the time of enrollment to determine their
28   need for special education and related services.

                                  4

1        e.   Disabled children enrolled in a LAUSD elementary or

2 secondary school for whom special education and related services

3 were requested but for whom no appropriate assessments were

4 conducted by defendant LAUSD.

5        f.   The parents or guardians of each of these disabled

6 children.

7      13.   This class is so numerous that joinder of all members is

8 impracticable.  The size of the class is presently unknown.   It

9 consists of some unknown percentage of the children currently

10 attending the LAUSD.

11      14.   There are questions of law and fact common to the entire

12 class.

13      15.   Each member of the class has claims or defenses which

14 are typical of the claims or defenses of the class.

15      16.   Plaintiffs will fairly and adequately protect the

16 interests of the class.  Plaintiffs are represented by experienced

17 counsel who will adequately represent the interests of the class.

18      17.   Defendants have acted and refuse to act on grounds

19 generally applicable to the class, thereby making appropriate

20 final injunctive relief or corresponding declarative relief with

21 respect to the class as a whole.

22      18.   The type of notice contemplated to be given to the

23 proposed class consists of news media coverage and other methods

24 of mass-scale communication.

25

26                    STATUTORY SCHEME UNDER IDEA

27      19.   IDEA was adopted in 1975 to ensure that children with

28 disabilities received a public school education.   In adopting

IDEA, Congress found that over four million disabled children were not receiving an appropriate education (42 U.S.C. § 1400(b)(3)) and that there were "many handicapped children throughout the United States participating in regular school programs whose handicaps prevent them from having a successful education experience because their handicaps are undetected." 42 U.S.C. § 1400(b)(5). Therefore, Congress adopted IDEA "to assure that all children with disabilities have available to them . . . a free appropriate public education with emphasizes special education and related services designed to meet their unique needs." 42 U.S.C. § 1400(c).

20. In light of the findings that many children with disabilities were in regular education programs because their disabilities were undetected, Congress required that public schools search out and serve disabled children. As a condition of receiving federal funds, State and local educational agencies must provide satisfactory assurance that disabled children in need of special education and related services "will be identified, located, and evaluated." 42 U.S.C. §§ 1412(2)(C), 1414(a)(1)(A).

21. The Department of Education has adopted regulations to implement IDEA. These regulations include the requirement that local educational agencies identify disabled children. 34 C.F.R. § 300.220 provides:

> Each application must include procedures which insure that all children residing within the jurisdiction of the local educational agency who are handicapped, regardless of the severity of their handicap,

1    and who are in need of special education and

2    related services are identified, located, and

3    evaluated, including a practical method of

4    determining which children are currently

5    receiving needed special education and

6    related services and which children are not

7    currently receiving needed special education

8    and related services.

9

10                STATUTORY SCHEME UNDER SECTION 504

11   22.   Section 504 of the Rehabilitation Act provides:

12        No otherwise qualified individual with a

13        disability . . . shall, solely by reason of

14        her or his disability, be excluded from the

15        participation in, be denied the benefits of,

16        or be subjected to discrimination under any

17        program or activity receiving Federal

18        financial assistance . . . . 29 U.S.C. §

19        794(a).

20   First adopted in 1973, Section 504 became the first national

21   declaration of rights for individuals with disabilities. Section

22   504 mandated that each federal agency promulgate regulations

23   necessary to implement its requirements.

24        23.   The Department of Education has promulgated regulations

25   under Section 504.  34 C.F.R. § 104.1 et seq.  These regulations

26   contain both general requirements concerning non-discrimination

27   and specific requirements applicable to public elementary and

28   secondary schools.

                                    7

24.  General requirements under Section 504 include a general prohibition against discrimination.  34 C.F.R. § 104.4(a).  In addition, 34 C.F.R. § 104.4(b)(1) prohibits specific discriminatory actions:

> A recipient, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of handicap:
>
> (i)  Deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service;
>
> (ii)  Afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;
>
> (iii)  Provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others;
>
> (iv)  Provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others. . . .

25.  The regulations specifically applicable to public elementary and secondary schools mandate that "[a] recipient that

operates a public elementary or secondary education program shall provide a free and appropriate public education to each qualified handicapped person who is in the recipient's jurisdiction, regardless of the nature or severity of the person's handicap." 34 C.F.R. § 104.33(a). To meet this obligation, public elementary and secondary schools have affirmative obligations to search out and serve disabled students. 34 C.F.R. § 104.32 provides:

> A recipient that operates a public elementary or secondary education program shall annually:
>
> (a) Undertake to identify and locate every qualified handicapped person residing in the recipient's jurisdiction who is not receiving a public education; and
>
> (b) Take appropriate steps to notify handicapped persons and their parents or guardians of the recipient's duty under this subpart.

26. In addition to these general search and serve requirements, public elementary and secondary schools must evaluate disabled children. 34 C.F.R. § 104.35(a) provides:

> Preplacement Evaluation. A recipient that operates a public elementary or secondary education program shall conduct an evaluation in accordance with the requirements of paragraph (b) of this section of any person who, because of handicap, needs or is believed to need special education or related

9

1                     services before taking any action with

2                     respect to the initial placement of the

3                     person in a regular or special education

4                     program and any subsequent significant change

5                     in placement.

6

7                                **STATEMENT OF FACTS**

8        27. During the 1989-90 school year, plaintiff Chanda Smith

9 was identified by defendant LAUSD as a student with disabilities

10 and placed in a special education program while in the 6th grade.

11        28. During the 7th grade, plaintiff Chanda Smith moved to

12 the Inglewood Unified School District.

13        29. During the 1991-92 school year, plaintiff Chanda Smith

14 moved back to the City of Los Angeles and enrolled at Manual Arts

15 High School operated by defendant LAUSD. At the time of

16 enrollment, Defendant LAUSD did not ask either plaintiff Chanda

17 Smith or plaintiff Eliza Thompson whether plaintiff Chanda Smith

18 had previously received special education and related services.

19 Although she had only completed the 8th grade and had no 9th grade

20 credits, plaintiff Chanda Smith was placed by defendant LAUSD in

21 a regular 10th grade education program even though an inspection

22 of records maintained by defendant LAUSD would have shown that she

23 previously received and was in need of special education and

24 related services. Following this erroneous placement, plaintiff

25 Eliza Thompson advised defendant LAUSD that her daughter had

26 previously been in special education and requested that her

27 daughter be placed in special education, but this request was

28 ignored.

30.   During the 1992-93 school year, plaintiff Chanda Smith was again placed in 10th Grade at Manual Arts High School. Despite continuing requests for special education made by plaintiff Eliza Thompson, Defendant LAUSD did not assess plaintiff Chanda Smith for special education or provide her with special education when she commenced the new school year.

31.   In the later part of the 1992-93 school year, plaintiff Chanda Smith continued to request special education services. Without any evaluation or assessment, plaintiff Chanda Smith was placed in a 30 day special education placement by defendant LAUSD. Although defendant LAUSD knew that plaintiff Chanda Smith was in need of special education following this 30 day special education placement, it did not initiate an assessment at the conclusion of the placement.

32.   In May, 1993, plaintiff Eliza Thompson withdrew plaintiff Chanda Smith from Manual Arts High School and enrolled her at Locke High School, another secondary school operated by defendant LAUSD, at the start of the 1993-94 school year. When plaintiff Chanda Smith enrolled at Locke High School, she was not asked whether she had received or was in need of special education services, nor did defendant LAUSD review her records to ascertain whether she had ever received such services.

33.   Plaintiffs Chanda Smith and Eliza Thompson repeatedly requested special education services from defendant LAUSD. However, notwithstanding these repeated requests, defendant LAUSD did not agree to conduct an assessment of plaintiff Chanda Smith for special education until September, 1993.

34.   Defendant LAUSD regularly fails to ask disabled children

11

1  or their parents or guardians at the time of enrollment in its
2  elementary and secondary schools whether the disabled children
3  have previously received special education and related services.
4  Because of defendant LAUSD's failure to make such inquiry,
5  disabled children are placed in the regular education program
6  notwithstanding the fact that they need special education and
7  related services.

8      35.  Defendant LAUSD regularly fails to examine at the time
9  of enrollment in its elementary and secondary schools the
10  educational records of disabled children to determine the need for
11  special education and related services.  Because of defendant
12  LAUSD's failure to undertake such examination, disabled children
13  are placed in the regular education program notwithstanding the
14  fact that they need special education and related services.

15      36.  Defendant LAUSD regularly fails to ask disabled children
16  or their parents or guardians at the time of enrollment in its
17  elementary and secondary schools whether the disabled children
18  currently need special education and related services.  Because of
19  defendant LAUSD's failure to make such an inquiry, disabled
20  children are placed in the regular education program
21  notwithstanding the fact that they need special education and
22  related services.

23      37.  Defendant LAUSD regularly fails to examine on a periodic
24  basis the educational records of disabled children enrolled in its
25  elementary and secondary schools after the time of enrollment to
26  determine their need for special education and related services.
27  Because of defendant LAUSD's failure to undertake such
28  examination, disabled children remain in the regular education

program notwithstanding the fact that they need special education and related services.

38.   Defendant LAUSD regularly fails to conduct assessments of disabled children when requested by their parents or guardians. Because of defendant LAUSD's failure to undertake such assessments, disabled children remain in the regular education program notwithstanding the fact that they need special education and related services.

39.   The inquiries, examinations and assessments hereinabove described are necessary to meet reasonable professional standards and would not impose unreasonable administrative burden on defendant LAUSD.

40.   The failure of defendant LAUSD and defendant Sid Thompson to implement administrative policies to undertake the inquiries, examinations and assessments hereinabove described results in arbitrary and capricious denial of special education and related services to children with disabilities.

41.   Each of these facts is incorporated into each of the claims for relief set forth below.


FIRST CLAIM FOR RELIEF

(Against Defendant LAUSD For Violation of IDEA)

42.   Defendant LAUSD has responsibility for providing the free and appropriate education required by IDEA to eligible students residing within its boundaries.   Defendant LAUSD is the "local educational agency" within the meaning of 20 U.S.C. § 1401(8).

43.   Pursuant to IDEA and the regulations promulgated

13

thereunder, defendant LAUSD has a duty to identify, locate, and evaluate all disabled children who are in need of special education and related services and has a duty to provide a free and appropriate education to all children with disabilities who reside within the jurisdictional boundaries of the LAUSD.

44.   Defendant LAUSD has failed to discharge its duties under IDEA and the regulations promulgated thereunder by failing to undertake the inquiries, examinations, and assessments hereinabove described.

## SECOND CLAIM FOR RELIEF

(Against Defendant LAUSD For Violation of Section 504)

45.   Defendant LAUSD is the recipient of federal funds in the administration of its programs and is subject to the provisions of Section 504.

46.   Defendant LAUSD has failed to discharge its duties under Section 504 and the regulations promulgated thereunder by failing to undertake the inquiries, examinations and assessments hereinabove described.

## THIRD CLAIM FOR RELIEF

(Against Defendant LAUSD For Violation of

42 U.S.C. § 1983 Based Upon

Deprivation of Rights Under IDEA and Section 504)

47.   At all times mentioned herein, defendant LAUSD was acting under color of State law.  Its actions as described in the First and Second Claims for Relief deprived plaintiffs and the class they represent of rights, privileges and immunities secured

1  to them by the laws of the United States, all in violation of 42
2  U.S.C. § 1983.

3
4                      FOURTH CLAIM FOR RELIEF

5             (Against Defendant Sid Thompson For Violation of
6             42 U.S.C. § 1983 Based Upon Deprivation of Rights
7         Under The Due Process Clause of the Fourteenth Amendment)

8       48.   Under the Constitution of the State of California, every
9  child has a right to a free public school education.  Under IDEA
10 and the California Education Code, Section 56000 et seq, every
11 disabled child has the right to a free and appropriate education.
12 These  rights  are  property  and  liberty  interests  subject  to
13 protection pursuant to the due process clauses of the Fourteenth
14 Amendment to the United States Constitution.

15      49.   The  due  process  clause  of  the  Fourteenth  Amendment
16 requires that clear and adequate procedures be implemented by the
17 LAUSD to ensure that disabled children are not arbitrarily denied
18 the special education and related services they are entitled to by
19 law.

20      50.  Defendant Sid Thompson has failed to implement clear and
21 adequate procedures to ensure that disabled children receive the
22 special education and related services they are entitled to by law
23 and, as a consequence, plaintiffs and the class they represent are
24 being arbitrarily denied special education and related services.

25      51.   At all times mentioned herein, defendant Sid Thompson
26 was  acting  under  color  of  State  law.   His  actions  deprived
27 plaintiffs and the class they represent of rights, privileges and
28 immunities  secured  to  them  by  the  due  process  clause  of  the

                                15

1   Fourteenth Amendment, all in violation of 42 U.S.C. § 1983.

2

3                      FIFTH CLAIM FOR RELIEF

4          (Against Defendant Sid Thompson For Violation of

5            42 U.S.C. § 1983 Based Upon Deprivation of Rights

6      Under The Equal Protection Clause of the Fourteenth Amendment)

7          52.   In failing to undertake the inquiries, examinations, and

8   assessments hereinabove alleged, some disabled children were

9   deprived of the special education and related services offered to

10  other similarly situated disabled children, thereby denying them

11  equal protection under the laws as secured by the Fourteenth

12  Amendment of the United States Constitution.

13         53.   At all times mentioned herein, defendant Sid Thompson

14  was acting under color of State law.   His actions deprived

15  plaintiffs and the class they represent of rights, privileges and

16  immunities secured to them by the equal protection clause of the

17  Fourteenth Amendment, all in violation of 42 U.S.C. § 1983.

18

19                   ATTORNEYS' FEES AND EXPENSES

20         54.   Plaintiffs are entitled to an award of reasonable

21  attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, 20

22  U.S.C. § 1415, and  29 U.S.C. § 794a(2)(b).

23

24                      REQUEST FOR RELIEF

25      Plaintiffs respectfully request the following relief:

26      1.   Determine in accordance with Rule 23 of the Federal Rules

27  of Civil Procedure that this action may be maintained as a class

28  action.

2.   Issue a declaratory judgment that defendant LAUSD has failed to comply with IDEA Act and Section 504 by failing to:

a.   Ask all children or their parents or guardians at the time of enrollment in its elementary and secondary schools whether the children have previously received special education and related services.

b.   Examine at the time of enrollment in its elementary and secondary schools the educational records of all children to determine their need for special education and related services.

c.   Ask all children or their parents or guardians at the time of enrollment in its elementary and secondary schools about their current need for special education and related services.

d.   Examine on a periodic basis the educational records of all children enrolled in its elementary and secondary schools after the time of enrollment to determine their need for special education and related services.

e.   Conduct assessments of any child when requested by a parent or guardian.

3.   Order defendant LAUSD and defendant Sid Thompson to:

a.   Ask all children or their parents or guardians at the time of enrollment in its elementary and secondary schools whether the children have previously received special education and related services.

b.   Examine at the time of enrollment in its elementary and secondary schools the educational records of all children to determine their need for special education and related services.

c.   Ask all children or their parents or guardians at

17

1   the time of enrollment in its elementary and secondary schools

2   about their current need for special education and related

3   services.

4         d.   Examine on a periodic basis the educational records

5   of all children enrolled in its elementary and secondary schools

6   after the time of enrollment to determine their need for special

7   education and related services.

8         e.   Conduct assessments of any child when requested by

9   a parent or guardian.

10      4.   Retain jurisdiction over defendants until such time as

11   the Court is satisfied that their unlawful policies, practices,

12   acts, and omissions complained of herein no longer exist and will

13   not recur.

14      5.   Award plaintiffs costs, disbursements, and reasonable

15   attorneys' fees.

16      6.   Other relief as this Court may deem just and proper.

17      DATED:    November 18, 1993

18                          NEWMAN.AARONSON.VANAMAN

19

20      By _Katharine Krause_
                          KATHARINE KRAUSE

21

22                          ACLU FOUNDATION OF SOUTHERN
                          CALIFORNIA

23      By _Mark Rosenbaum_
                          MARK ROSENBAUM

24                          Attorneys for Plaintiffs

25

26

27

28

                                  18