THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

ENTERED
CLERK, U.S. DISTRICT COURT
SEP 25 2001
9-25-01
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
SEP 24 2001
2001
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CHANDA SMITH, et al. )  CV 93-7044 RSWL
    Plaintiffs, )
    v. ) ORDER RE DEFENDANTS'
LOS ANGELES UNIFIED SCHOOL ) MOTION TO MODIFY THE
DISTRICT, et al., ) CONSENT DECREE, OR IN THE
    Defendants. ) ALTERNATIVE, TO MODIFY
  ) SECTIONS V, VI, VII, AND
  ) VIII OF THE CONSENT
  ) DECREE; DEFENDANTS' MOTION
  ) TO JOIN CALIFORNIA
  ) DEPARTMENT OF EDUCATION AS
  ) A PARTY; DEFENDANTS'
  ) MOTION TO STAY FURTHER
  ) IMPLEMENTATION OF THE
  ) CONSENT DECREE

Presently before the Court are Defendants Los Angeles Unified School District's and Roy Romer's Motions: (1) to Modify the Consent Decree, or in the alternative, to Modify Sections V, VI, VII, and VIII of the Consent Decree; (2) to Join California Department of Education as a Party; and (3) to Stay Further Implementation of the Consent Decree. The Motions were heard before this Court on September 24, 2001. After considering the papers filed in support of and in

1

opposition to the Motions and oral arguments of counsel, the Court hereby **DENIES** Defendants' Motions for the reasons discussed below.

With respect to the Motion to Modify the Consent Decree, or in the alternative, to Modify Sections V, VI, VII, and VIII of the Consent Decree, for modification of a consent decree, a party must either move the Court pursuant to a provision of the Consent Decree itself or pursuant to Federal Rule of Civil Procedure 60(b). Defendants do not make this Motion pursuant to express provisions of the Consent Decree. As stated in Section XII of the Consent Decree, for modification of the terms of the Consent Decree, both parties must agree and seek prior approval from this Court.

Therefore, Defendants rely on Federal Rule of Civil Procedure 60(b) in seeking modification of the Consent Decree. To warrant modification pursuant to Rule 60(b)(5), Defendants must make a showing of a significant change either in factual conditions or in law. Defendants must also show that the proposed modifications are suitably tailored to the changed circumstances. See Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 384, 391 (1992).

The Court finds that Defendants have not proven an actual and significant change in factual circumstances over the past five years which was unanticipated by Defendants and which now makes compliance much more onerous. Defendants' arguments are all complaints about the structure of the Consent Decree—a structure to which Defendants agreed and of which they were aware.

In addition, the Court finds that Defendants have not proven a significant change in law to warrant modification of the Consent

2

Decree. Defendants have not shown that any particular 1997 amendment to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., made Defendants' obligations under the Consent Decree impermissible or made legal what the Consent Decree was to prevent. Defendants should have sought relief through the process provided in Section II(P) of the Consent Decree if they felt such amendments altered their obligations.

The Court finds that Defendants are bound by the terms of the Consent Decree absent a showing that would warrant modification pursuant to Federal Rule of Civil Procedure 60(b). The Court finds that Defendants have not made a showing of a significant change in fact or law to warrant such a modification. The Court thereby **DENIES** Defendants' Motion to Modify the Consent Decree, or in the alternative, to Modify Sections V, VI, VII, and VIII of the Consent Decree.

With respect to the Motion to Join California Department of Education ("CDE") as a Party, the Defendants have failed to prove that CDE is a necessary party within the meaning of Federal Rule of Civil Procedure 19(a). The Court finds that Defendants have failed to prove that complete relief cannot be accorded among the Parties absent joinder. Defendants have also failed to prove that CDE claims an interest in the litigation. While joinder of CDE could aid implementation of the Consent Decree, Defendants chose to enter into the Consent Decree and to be bound by its provisions. If the Defendants feel that a proposed Implementation Plan made pursuant to the Consent Decree improperly imposes a responsibility on them that is

3

ultimately to rest with CDE, the Defendants' remedy is to present to this Court a revised Implementation Plan, as stated in Section IV(C) of the Consent Decree and as was done with Implementation Plan 3. The Court therefore **DENIES** Defendants' Motion to Join California Department of Education as a Party.

With respect to the Motion to Stay Further Implementation of the Consent Decree, since the Court finds it unnecessary to hold an evidentiary hearing to make a determination on modification of the Consent Decree, the Court **DENIES** Defendants' Motion to Stay Further Implementation of the Consent Decree pending a hearing on the Motion to Modify.

Finally, because the Court has not modified the Consent Decree, the Court now considers Defendants' alternative requests.

First, the Court **DENIES** Defendants' request for this Court to affirm the rejection of Implementation Plans 12, 14, 15, and 16. Defendants have not met their burden as set out in Section IV(C)(8) and (9) of the Consent Decree. Defendants have not proven in their proposed alternative plan by clear and convincing evidence that imposition of a Special Master and the recommended benchmarks and "Student and Systems Outcomes" plan would return the Los Angeles Unified School District to compliance in a more cost effective manner. Furthermore, the Court is directed in Section IV(C)(9) to consider the impact that the moving party's alternative plan would have on other already-approved plans. Here, imposition of a Special Master and the Defendants' proposed program would negate Implementation Plans already in place.

Second, the Court **DENIES** Defendants' request to remove the Consent Decree Administrators for cause because Defendants have not met their burden pursuant to Section IV(A)(5) of the Consent Decree. Defendants have failed to prove by clear and convincing evidence that either Consent Decree Administrator has materially failed or refused to perform his or her duties under the terms of the Consent Decree or that there has been any misconduct.

Third, the Court **DENIES** Defendants' request for this Court to reject the proposed Consent Decree Administrators' budget. Defendants should have followed the procedure in the applicable Consent Decree provisions, set out in Section IV(B)(16), for a remedy.

**IT IS SO ORDERED**

*RONALD S. W. LEW*

RONALD S.W. LEW
United States District Judge

DATED: September 24, 2001

(orders\chandasmith.modify\U)