UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDA SMITH, through her guardian ad litem ELIZA THOMPSON, individually and on behalf of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>APRIL MUNOZ, et al.,<br><br>    Intervenors,<br><br>MINA LEE, FRANCES MORENO,<br><br>    Intervenors,<br><br>  v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, a California public entity; SID THOMPSON, in his official capacity of the Los Angeles Unified School District,<br><br>    Defendants. | CV 93-07044 RSWL (GHKx)<br><br>**Order re: Application for Temporary Restraining Order and Order To Show Cause Re Order Enforcing Orders of the Independent Monitor [381]** |

### I. INTRODUCTION

Currently before the Court is Mina Lee and Frances Moreno's ("Movants-Intervenors") Application For

1

Temporary Restraining Order and Order to Show Cause Re Order Enforcing Orders of the Independent Monitor [381] ("TRO Application"). The Court, having reviewed all papers and arguments submitted pertaining to this TRO Application, **NOW FINDS AND RULES AS FOLLOWS:** the Court **DENIES** Movants-Intervenors' Application for Temporary Restraining Order and Order to Show Cause.

## II. DISCUSSION

**A. Legal Standard**

    1. Temporary Restraining Order

Injunctive relief is an "extraordinary remedy." Winter v. Natural Res. Def. Council Inc., 555 U.S. 7, 9 (2008). Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. Niu v. United States, 821 F. Supp. 2d 1165, 1167 (C.D. Cal. 2011); see Fed. R. Civ. P. 65. A plaintiff seeking a temporary restraining order must establish that he is "likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Am. Trucking Ass'ns v. City of L.A., 559 F.3d 1046, 1052 (9th Cir. 2009); Winter, 555 U.S. at 20.

**B. Analysis**

Movants-Intervenors fail to establish all four required elements to grant a temporary restraining order. Movants-Intervenors do not put forth any

evidence as to how the balance of equities tips in their favor and how the injunction is in the public interest. Additionally, Movants-Intervenors fail to show they will suffer irreparable harm if preliminary relief is not granted.

Movants-Intervenors fail to show that they have standing as class representatives to seek a temporary restraining order, and do not show they have satisfied the requirements of Federal Rules of Civil Procedure 23. While there may be a subclass within a class, each subclass must show satisfaction of Federal Rules of Civil Procedure 23. Betts v. Reliable Collection Agency, Ltd., 659 F.2d 1000, 1005 (holding that a subclass is treated as a class and the provisions of Rule 23 are to be construed and applied).

Movants-Intervenors will not suffer irreparable harm because they do not have children who are being moved from a special education center to a general education school. Pimental v. Dreyfus, 670 F.3d 1096, 1104-1105 (9th Cir. 2012) (holding that plaintiff member of a class and subclass did not have standing in the subclass because plaintiff was not entitled to the benefits that were at issue in the subclass' due process claim). Movants-Intervenors argue irreparable harm is established because a violation of a disabled child's civil rights has occurred. TRO Appl., 16:6-11. However, since Movants-Intervenors' children are not affected by the change in placements, Movants-

3

Intervenors are unable to show their children's civil right have been violated.

In any case, if Movants-Intervenors were class representatives and had standing to request injunctive relief, Movants-Intervenors would still not suffer irreparable harm because Defendant LAUSD offered special education placements for all of the affected children pursuant to Movants-Intervenors' request. Defendant was amenable to Movants-Intervenors' requests by assuring placements for all affected children and contacting parents of the affected children.  When additional requests were made by Movants-Intervenors, discussions in resolving the matter fell through.

In their Reply, Movants-Intervenors request this Court to designate Movants-Intervenors' Counsel as interim counsel for a subclass pursuant to Federal Rules of Civil Procedure 23(g)(3), until a formal application for certification of a subclass is pursued. Reply 24:15-19, ECF No. 389.  Movants-Intervenors need to make a separate filing to this Court to be designated as interim class for a subclass.  Moreover, this request was first made in Movants-Intervenors' Reply to their TRO Application.  It is within this Court's discretion to not consider arguments or requests raised for the first time in a reply brief. Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (holding the district court did not abuse its discretion in denying a motion for reconsideration

because the privilege argument was not raised until their reply brief).  The Court is also in receipt of Movants-Intervenors' Supplemental Reply To Opposition Of Los Angeles Unified School District to Application for Temporary Restraining Order and Order to Show Cause, ECF No. 390.

### III. CONCLUSION

Accordingly, Movants-Intervenors' Application for Temporary Restraining Order and Order to Show Cause Re Order Enforcing Orders of the Independent Monitor is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 17, 2016        s/ RONALD S.W. LEW
                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge